UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



STACEY KNIGHT

        Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

        Defendants.

No. 16-cv-7888 (RJS)
<u>OPINION & ORDER</u>

RICHARD J. SULLIVAN, Circuit Judge:

    Former plaintiffs Kyron Bowden, Tyrell Williams, and Eric Allen commenced this action on October 8, 2016, alleging that the City of New York, Captain Biggs, Corrections Officers Steve Salmon and Michael White, and "John Does 1-5," violated plaintiffs' civil rights when they conducted a tactical search operation at the Otis Bantum Correctional Center on December 13, 2015. (Doc. No. 1.) Former plaintiffs amended their complaint for the first time on April 17, 2017, identifying the same defendants but correcting some of their names. (Doc. No. 30.) On July 5, 2017, former plaintiffs filed a second amended complaint, which Stacey Knight ("Plaintiff" or "Knight") joined, that added Officers Reid and Smith, and Dr. Theodore Kramer, as defendants. (Doc. No. 48.) On March 23, 2018, former plaintiffs Bowden, Williams, and Allen settled their claims with the City of New York and dismissed their claims against all defendants. (Docs. No. 112 and 113.) Thus, the only remaining plaintiff was Knight. On June 21, 2018, Knight voluntarily dismissed all claims against Dr. Kramer. (Doc. No. 122). And on August 17, 2018, Knight agreed to dismiss all claims against the City of New York and Officers Salmon and White. (Doc. No. 132). The same day, the remaining defendants – Biggs, Smith, and Reid ("Defendants")

– moved for summary judgment on Knight's sole remaining claim, that Defendants used excessive force against him in violation of the Fourteenth Amendment. (Doc. No. 128.) The Court denied the motion for summary judgment.

Thereafter, Plaintiff proceeded to trial on a single claim of excessive force pursuant to 42 U.S.C. § 1983 against Defendants Biggs, Smith, and Reid. The jury returned a verdict in favor of Defendants in all respects. (Doc. No. 182.) On March 6, 2019, the Clerk of the Court taxed Plaintiff $652.14 pursuant to Federal Rule of Civil Procedure 54(d)(1).

Now before the Court is Plaintiff's motion to set aside the taxation of costs against Defendants. (Doc. No. 192 ("Mot.").) For the reasons set forth below, Plaintiff's motion is denied.

An award of costs "is the norm, not an exception," *Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03-cv-1298 (RJH), 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005), and therefore "the losing party has the burden to show that costs should not be imposed," *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). "[C]osts may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270.

Defendants curiously suggest that Plaintiff's motion is untimely because Federal Rule of Civil Procedure 54(d)(1) requires that a motion to set aside taxation of costs be filed "within 5 days." (Doc. No. 197 ("Opp'n") at 1.) However, Rule 54(d)(1) explicitly states that "[o]n motion served within . . . 7 days [of the Clerk's imposition of costs], the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Plaintiff filed his motion seven days after costs were taxed, and as a result, his motion is plainly timely.

Nonetheless, the Court agrees with Defendants that Plaintiff does not meet his burden to show that costs should not be imposed. Plaintiff argues that these costs should be set aside in their

2

entirety because "Plaintiff has extremely limited financial resources" and "makes not more than a few dollars a day working while an inmate." (Mot. ¶¶ 4.) However, "indigency *per se* does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270. And Plaintiff provides no further detail undergirding his bare-bones statement that he has limited financial resources, besides one sentence about making no more than a few dollars per day working at Eastern Correctional facility. (Mot. ¶¶ 4–5.) But courts in this Circuit have required more than that to justify the setting aside of costs, *see, e.g.*, *Hogan v. Novartis Pharm. Corp.*, 548 F. App'x 672, 674 (2d Cir. 2013) (affirming denial of motion to set aside costs because Plaintiff "presented no evidence to document her alleged lack of financial resources"); *Perks v. Town of Huntington*, 331 F. App'x 769, 770 (2d Cir. 2009) (affirming denial of motion to set aside costs "where the only evidence to support [plaintiff's] claim of financial hardship is testimony that he is retired and incurs an unspecified amount of expenses"), including in circumstances where the plaintiff is incarcerated. Indeed, in *Whitfield*, the Circuit upheld $595.96 in costs assessed against an indigent, incarcerated plaintiff who earned $7.75 per week. *Whitfield*, 241 F.3d at 267–68; *cf. Nicholson v. Fischer*, No. 13-cv-6072 (FPG), 2018 WL 6616333, at *2 (W.D.N.Y. Dec. 18, 2018) (vacating costs where "a prison official certified that Plaintiff had the sum of $14.55 in his prison account in June 2013 and had an average balance of $37.48 during the previous six months"). Therefore, Plaintiff's own professed indigency, described in merely a few sentences, is not enough to justify vacatur of the taxation of costs in this case. *See Ahmad v. E. Ramapo Cent. Sch. Dist.*, No. 09-cv-1440 (CS), 2018 WL 3222543, at *3 (S.D.N.Y. July 2, 2018) ("Plaintiff does not show more than his own status *in forma pauperis*, which is not dispositive in deciding whether the prevailing party should be awarded costs."). Finally, the fact that Plaintiff may have prosecuted his case in good faith (Mot. ¶ 6), "does not require a district court to deny costs, since all parties to a federal action have an obligation to

3

act in good faith." *Id.* (quoting *Dejesus*, 2005 WL 957389, at *2).

For the foregoing reasons, Plaintiff's motion to set aside the Clerk's taxation of costs is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 192.

Dated:   August 8, 2019
         New York, New York

                                                   _____
                                                   RICHARD J. SULLIVAN
                                                   UNITED STATES CIRCUIT JUDGE
                                                   Sitting by Designation